854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Donald WILLIAMS, Plaintiff-Appellant,
v.
Horace M. KIMEL, Jr., Defendant-Appellee.
 No. 87-6639.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, July 27, 1988.
 
 Michael Donald Williams, appellant pro se.
 Before SPROUSE, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Michael Donald Williams brought this pro se action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendant, District Attorney Horace M. Kimel of Guilford County, North Carolina, violated his constitutionally protected rights. Specifically, plaintiff asserts that his identity as an informant has been compromised and that his life will be in danger if he is returned to North Carolina to face charges pending there. Plaintiff complains that he has made district attorney Kimel aware of the danger but Kimel has failed to take protective action and has continued to press the North Carolina charges. Plaintiff seeks monetary damages and injunctive relief. The district court dismissed plaintiff's claims as frivolous pursuant to 28 U.S.C. Sec. 1915(d) on the basis that Kimel enjoys absolute prosecutorial immunity. Plaintiff appealed; we affirm.
 
 
 2
 We agree with the district court that Kimel enjoys absolute immunity from liability in damages on plaintiff's claim that prosecution of the North Carolina charges will place him in danger. See Imbler v. Pachtman, 424 U.S. 409 (1976). We also find that plaintiff was not entitled to the declaratory or injunctive relief he sought. Absent "some special custodial or other relationship[] created or assumed by the state in respect of particular persons," a failure to provide protection from violence is not actionable under Sec. 1983. Fox v. Custis, 712 F.2d 84, 88 (4th Cir.1983). As Kimel does not stand in a special custodial relationship to plaintiff, his alleged failure to respond to plaintiff's complaints of danger does not state a claim under Sec. 1983. Nor do we find that plaintiff has shown the real and immediate threat of injury necessary to an award of injunctive relief. See Los Angeles v. Lyons, 461 U.S. 95 (1983); Buie v. Jones, 717 F.2d 925 (4th Cir.1983).
 
 
 3
 We accordingly affirm the district court's dismissal of the complaint. We deny plaintiff's request for appointment of counsel. The issues involved in this appeal are not inordinately complex and plaintiff has done an adequate job in presenting them. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984). Because the dispositive issues have been authoritatively decided, we dispense with oral argument.
 
 
 4
 AFFIRMED.